UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
STEPHANIE WILMS,

                    Plaintiff,

      -against-

ANDREW SAUL, *Commissioner of Social Security*,

                  Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 18-CV-07283 (FB)

Appearances:

*For the Plaintiff*:
CHRISTOPHER J. BOWES
54 Cobblestone Drive
Shoreham, New York 11786

*For the Defendant*:
EKTA R. DHARIA
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Stephanie Wilms ("Wilms") appeals the Commissioner of Social Security's ("Commissioner") final decision denying her application for disability insurance benefits.  Both Wilms and the Commissioner move for judgment on the pleadings. For the following reasons, Wilms' motion is granted, the Commissioner's motion is denied, and the case is remanded for a directed finding of disability and calculation of benefits.

1

# I.

Wilms applied for Social Security disability benefits, alleging disability due to anxiety, depression, post-traumatic stress disorder, and migraine headaches. (R. 170, 189.) As relevant here, Dr. Paul Herman examined Wilms as a consulting physician. (R. 282.) Dr. Herman found that

> [f]rom a psychological/psychiatric perspective, there appears to be evidence of marked intermittent limitations with respect to this claimant's ability to follow and understand simple directions and instructions, perform simple tasks, maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks, make appropriate decisions, relate adequately with others, and appropriately deal with stress.

(R. 284.) Dr. Herman also observed that "[t]he results of [his] examination appear to be consistent with psychiatric problems and these may significantly interfere with the claimant's ability to function on an intermittent basis." (R. 284.) He diagnosed Wilms with unspecified depressive disorder and panic disorder. (R. 285.)

Dr. Carl Anderson did not examine Wilms, but did review the medical records then-available. (R. 82.) Dr. Anderson found that Wilms' claims of anxiety, depression, and post-traumatic stress disorder were "partially credible." (R. 82.) However, he found that, "[f]rom a psych perspective, there are no marked impairments in [Wilms'] ability to understand, concentrate, remember, adapt, relate, or persist with tasks on a sustained basis." (R. 82.) Dr. Anderson noted Dr. Herman's diagnoses of depressive disorder and panic disorder, but disagreed with

Dr. Herman's opinions about the extent of Wilms' impairments: to the extent Dr. Herman's "[c]onclusions . . . concerning several functions [were] judged to be markedly impaired," Dr. Anderson believed that those "conclusions [were] not consistent with [the] evidence in [Wilms'] file." (R. 82.) Notably, however, Dr. Anderson did not review the entire record later available to the ALJ. (R. 87.)

The ALJ gave both reports "substantial weight," and singled out Dr. Herman's report for being consistent with other medical evidence in the file. (R. 41.) However, the ALJ stated that Wilms' mental health conditions were "not so severe that [Wilms] would be unable to perform work within the residual functional capacity." (R. 41.)

The ALJ denied Wilms' application. (R. 43.) Wilms appealed to this Court. Because the ALJ's decision does not comport with Social Security Ruling 85-15, the case is remanded for a directed finding of disability and calculation of benefits.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). If "further administrative proceedings would serve no purpose"—such as where the record already "provides persuasive proof of disability and the application of the correct legal standards could lead to only one conclusion"—"remand for the

3

calculation of benefits is warranted." *Henningsen v. Comm'r of Soc. Sec. Admin.*, 111 F. Supp. 3d 250, 263 (E.D.N.Y. 2015).

### III.

When determining an applicant's residual functional capacity ("RFC"), the ALJ must "consider whether the individual can meet the mental demands of past relevant work in spite of the limiting effects of his or her impairment."  Social Sec. Ruling 85-15, 1985 WL 56857, at *4 (Social Sec. Admin. Jan. 1, 1985).  "[I]f not," the ALJ must determine "whether the person can do other work, considering his or her remaining mental capacities reflected in terms of the occupational base, age, education, and work experience."  *Id.*

A mental impairment can impact a person's ability to do both skilled and unskilled work.  This is because "[t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."  *Id.*  "A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base. *This, in turn, would justify a finding of disability* because even favorable age, education, or work experience will not offset such a severely limited occupational base."  *Id.* (emphasis added).

4

The ALJ failed to abide by this framework.  Given the evidence that the ALJ credited, Social Security Ruling 85-15 required the ALJ to find Wilms disabled.

The ALJ "g[a]ve substantial weight to the July 2015 opinion by consultative psychologist Paul Herman, Ph.D."  (R. 41.)  Dr. Herman noted "evidence of marked intermittent limitations with respect to [Wilms'] ability to follow and understand simple directions and instructions, perform simple tasks, maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks, make appropriate decisions, relate adequately with others, and appropriately deal with stress."  (R. 284.)  To use the language of Social Security Ruling 85-15, Dr. Herman found that Wilms had "[a] substantial loss of ability" with regard to "the basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."  Social Sec. Ruling 85-15, at *4.  This finding "justified a finding of disability."  *Id.*

Notwithstanding his decision to credit Dr. Herman's assessment, the ALJ found that Dr. Herman's opinions show that Wilms' mental conditions were "not so severe that the claimant would be unable to perform work within the [RFC]."  (R. 41.)  This was error.  Having decided to credit Dr. Herman's opinions, the ALJ was required by SSR 85-15 to find Wilms disabled.

The Commissioner argues that the ALJ's opinion should be upheld for multiple reasons. None is persuasive.

First, the Commissioner argues that Dr. Herman's opinion is not controlling because Dr. Herman is not a treating medical source. This argument misses the mark: whether or not required to do so, the ALJ was permitted to, and in fact did, credit Dr. Herman's opinion. *See, e.g.*, *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

Second, the Commissioner argues that the ALJ's decision to credit Dr. Anderson's opinion justifies the ALJ's decision. Not so. Dr. Anderson was a non-treating, non-examining medical source who reviewed an incomplete record. (R. 87–93.) His analysis failed to account for such symptoms as Wilms' recurrent visual hallucinations. (R. 273.) Analysis of an incomplete record may not form the basis for an ALJ's decision. *See, e.g.*, *Isernia v. Colvin*, No. 14-CV-2528 (JEB), 2015 WL 5567113, at *10 (E.D.N.Y. Sept. 22, 2015).

Third, the Commissioner argues that the ALJ discounted parts of Dr. Herman's opinion. The ALJ's written decision does not support this argument. The ALJ explicitly wrote, "With regard to the opinion evidence relating to the claimant's *mental health impairments*, I give substantial weight to the July 2015 opinion of consultative psychologist Paul Herman, Ph.D." (R. 41) (emphasis in original). The ALJ's later reference to other evidence in the record does not contradict the above-

quoted sentence or suggest that the ALJ *sub silentio* intended to give substantial weight only to part of Dr. Herman's opinion.

Having decided to credit Dr. Herman's opinion, the ALJ was required to view that evidence through the lens of Social Security Ruling 85-15.  Had the ALJ done so, Social Security Ruling 85-15 required the ALJ to find Wilms disabled.

### IV.

For the foregoing reasons, Wilms' motion is granted, the Commissioner's motion is denied, and the case is remanded for a directed finding of disability and calculation of benefits.

**SO ORDERED**.

       /S/ Frederic Block            
       FREDERIC BLOCK
       Senior United States District Judge

Brooklyn, New York
September 28, 2020

7